Nicholson, C. J.,
delivered the opinion of the court.
This case was before this court in 1869, upon the question whether A. D. Witherspoon, who had purchased two of the lots sold in the progress of the case for partition and distribution, was entitled to have *473 his purchase perfected, — it appearing that he had paid into court $3,250, the balance due on his purchase. In July, 1869, this court decreed that upon the payment into the chancery court of the sum of $3,250, Witherspoon became entitled to the completion of his original purchase of lots Nos. 2 and 3; and that the title thereto be divested out of the' complainants and defendants and all others, and vested in A. D. With-erspoon ; and the clerk was ordered to furnish him with a copy of the decree, for registration in Shelby County. But because it did not appear satisfactory to the court, from the transcript of the record, whether the fund so paid into the chancery court remained there, or whether the same had been loaned out, or withdrawn on bond by Witherspoon, and because further orders were necessary in regard to the distribution of the funds, etc., the case was remanded for further orders in relation to the fund.
It appears that soon after the case was remanded, Laird and Halsey, two judgment creditors, of Wither-spoon, had executions levied on the two lots, and at the sale they became purchasers, in satisfaction of their judgments, and they have obtained deeds from the sheriff. They claim ' that, by the decree of the supreme court, the legal title to the lots was vested in Witherspoon, free from any lien in favor of the original owners of the lots, and that they have acquired valid titles by their purchases and sheriff’s deeds.
It is true, that the decree of the supreme court vested the legal title to the lots in Witherspoon, and that they were subject to be levied on by his judg *474 ment creditors. But if the purchase money had not been paid by Witherspoon, but constituted a subsisting lien on the lots, the levies and sales by the sheriff and the purchases by Laird and Halsey were made subject to that , lien.
It does not follow, that because the legal title was vested in Witherspoon without any express reservation of the vendor’s lien, therefore he took the title relieved of the lien. The lots having been sold for partition, the lien was reserved by sec. 3304 of the Code, whether it was so expressed in the decree or not.
But the decree contains enough on its face to negative any inference that the lots had been so paid for by Witherspoon as to remove the lien. The court decreed only that, as Witherspoon had paid into court the balance of the purchase money, he was thereby entitled to have his purchase completed. But it did not appear to the court what had become of the $3,250 paid .into the court below. There appeared in the transcript an agreement of some of the parties that Witherspoon might withdraw the money, upon giving bond to refund it in the event specified; but there was nothing showing whether such bond had been given, or whether the money had been withdrawn, or whether it remained in the court below. Hence the court remanded the ease for further orders in the court below in relation to the fund. It is therefore clear that the court did not regard the fact of the payment ef the money into the chancery court as a satisfaction of the balance due on the purchase mouey *475 but considered that the money, if in the court below, might be so applied; and if not, that. orders might be made to have the balance due satisfied, and for this the case was remanded.
It is impossible that Laird and Halsey, being judgment creditors, and purchasers in satisfaction of their judgments, cculd occupy the position of purchasers for valuable consideration without notice, with the evidence-furnished by the decree that the $3,250 of the purchase money had not been so paid as to satisfy that balance. It is clear, therefore, that they purchased, at their own risk, and that they took the title subject to the subsisting lien of the complainants for the unpaid purchase money, it being apparent that the lien of the complainants was in no way affected by the-withdrawal of the money by Witherspoon, — whether it was received by him merely for his accommodation or upon loan. He had brought the money into court in support of his application to have the re-sale set aside, and to have his own purchase completed. It was not accepted by the court as a payment, but his application to set aside the re-sale was rejected. It was wholly immaterial, so far as the lien of the complainants was concerned, whether the money remained in court or was withdrawn by Witherspoon.
In reference to the claim of Laird and Halsey, as between them and Humes and Scott, solicitors for the complainants, it is enough to say, that, the pendency of the suit in the chancery court at the time the executions were levied on the land, was notice to the creditors, and the subsequent action of the Chancellor *476 preserved and fixed the lien of the solicitors. Hunt v. McClanahan, 1 Heis., 510; Creighton v. Ingersoll, 20 Barb. N. Y., 541.
There was, therefore, no error in the Chancellor’s decree, and it is affirmed with costs.